# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MELISSA LOOS,**

        **Plaintiff,**

**-vs-**                                    **Case No.  6:07-cv-1376-Orl-31GJK**

**CLUB PARIS, LLC, and FRED KHALILIAN,**

        **Defendants.**

_____

## CERTIFICATION OF CONTEMPT

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO HOLD DEFENDANTS' IN CIVIL CONTEMPT FOR FAILURE TO COMPLY WITH THE ORDER OF THIS COURT (Doc. No. 27)** |
| **FILED:** | **September 4, 2008** |

**THEREON** it is **RECOMMENDED** that the Defendants be ordered to show cause why they should not be held in contempt.

      On September 27, 2007, Plaintiff filed her Amended Complaint pursuant to 29 U.S.C. § 201, et. seq., seeking unpaid overtime compensation.  Doc. No. 8.  According to Plaintiff, on December 18, 2007, Plaintiff served her First Set of Interrogatories on Club Paris, LLC ("Club Paris").  Doc. No. 19 at ¶ 1. On March 20, 2008, Plaintiff properly noticed Club Paris, LLC and Fred Khalilian (collectively, the "Defendants") for depositions to be held, respectively, on June 30, 2008 and July 1, 2008 (collectively, the "Depositions").  Doc. No. 19-4 at 2-6.  The Defendants and counsel for the Defendants failed to

appear for either deposition.  On July 11, 2008, Plaintiff filed her Motion for Sanctions (Doc. No. 19) seeking: (1) an award of attorney's fees and costs pursuant to Rule 37(d), Federal Rules of Civil Procedure; (2) an order compelling Club Paris to respond to Plaintiff's First Set of Interrogatories within ten days; (3) an order compelling Club Paris's Corporate Representative to appear for a deposition; and (4) an order compelling Mr. Khalilian to appear for a deposition.

On July 23, 2008, the Defendants filed their response to Plaintiff's Motion.  Doc. No. 20.   The Defendants stated that Plaintiff currently has a second case pending against them, Case No.: 6:08-cv-534-Orl-28-GJK, for sexual harassment and gender discrimination. Doc. No. 20 at ¶ 1.   According to the Defendants, Fred Khalilian is also currently facing criminal charges of attempted sexual battery in an unrelated state court case.   *See* Case Number 07-CF-17046-O; Doc. No. 20 at ¶ 2.  In the unrelated criminal case, the Defendants asserted that the "State Attorney's Office had filed a notice of intent to use similar fact evidence. . . ." Doc. No. 20 at ¶ 3.  Counsel for the Defendants asserted that he "attempted to speak with counsel for the Plaintiff by telephone prior to the depositions in question," but "was unsuccessful in reaching Plaintiff's counsel despite two attempts."  *Id*. at ¶ 4.  The Defendants argued that without first knowing if counsel for Plaintiff would limit the areas of inquiry in the Depositions to overtime and wage allegations, "it would have been negligent to move forward with the deposition[s] without criminal counsel involvement."  *Id*. at ¶ 5.[1]  Counsel for the Defendants expressed concern that Plaintiff's counsel would inquire into areas "which could potentially be prejudicial to the criminal case." *Id*. at ¶ 5.  Thus, the Defendants argued that sanctions were not warranted because Mr. Khalilian "remains in a posture of being unable to answer questions beyond the present case, involving wage and

---

[1]Mr. Khalilian has separate counsel for the criminal matter.  Doc. No. 20 at ¶ 5.

overtime allegations." Furthermore, the Defendants requested that if the Court granted that portion of Plaintiff's motion seeking to compel the Defendants to submit to depositions that "any deposition . . . take place no sooner than seven days after the conclusion of the Defendant's criminal case." *Id*. at ¶ 8.

Rule 37(d)(1)(A)(i), Federal Rules of Civil Procedure, provides the Court with the power to order sanctions where:

> a party or a party's officer, director, or managing agent - or person designated under Rule 30(b)(6). . . fails, after being served with proper notice, to appear, for that person's deposition. . . .

*Id*. Rule 37(d)(2) states:

> ***Unacceptable Excuse for Failing to Act***. A failure described [above] is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).

*Id*. (emphasis supplied). A magistrate judge generally has the power to impose sanctions under Rule 37, including monetary sanctions, for nondispositive discovery matters. *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F. 2d 522, 525 (2d Cir. 1990); *accord Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1998); *Merritt v. International Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. 1981); *Knox v. Hayes*, 933 F. Supp. 1573, 1576 n. 2. (S.D. Ga. 1995).

Thus, the Court found that sanctions, limited to Plaintiff's attorney's fees and costs in bringing the Motion for Sanctions and attending the depositions, were warranted. Doc. No. 23. The Defendants' depositions were properly noticed. Defendants' failure to appear for depositions was unjustified. Whatever concerns Defendants or their counsel may have had about the scope of questioning at the depositions and/or whether or not Mr. Khalilian may wish to assert his rights under the Fifth Amendment did not excuse their failure to appear.

The Court found no reason to unnecessarily delay the case by waiting on the resolution of Mr. Khalilian's state criminal proceeding. Therefore, the parties were directed to, within ten (10) days from the date of the sanctions order (Doc. No. 23), confer in good faith and re-schedule the depositions of Club Paris's Corporate Representative and Mr. Khalilian at a mutually agreeable time, place, and manner. Furthermore, the Defendants and counsel were ordered to attend the rescheduled depositions.

On August 11, 2008, the Plaintiff filed a Status Report regarding the Court's Order and stated that the parties had conferred and agreed to reschedule the Depositions for August 28, 2008. Doc. No. 24. On September 4, 2008, the Plaintiff filed the present Motion to Hold Defendants in Civil Contempt (the "Motion"). Doc. No. 27. According to Plaintiff, while Counsel for the Defendants appeared, the Defendants failed to appear at the Court ordered depositions.

In the Motion, Plaintiff seeks an order: (1) finding the Defendants in contempt of the undersigned's Order (Doc. No. 23); (2) directing the Federal Marshal's to seize Mr. Khalilian and hold him pending his appearance for deposition; (3) requiring the corporate representative for Club Paris to appear for deposition at the U.S. Courthouse on September 24, 2008 at 10:00a.m.; (4) requiring Club Paris to pay into the Clerk of the Court registry one thousand ($1,000.00) dollars within ten (10) days from the entry of requested contempt order; and (5) awarding the Plaintiff her attorney's fees and cost within ten (10) days from the entry of the requested contempt order. Doc. No. 27.

On September 16, 2008, counsel for the Defendants filed a response to the Motion (the "Response"). Doc. No. 28. In the Response, counsel for the Defendants states that Mr. Khalilian "is not participating in this matter as a result of the pending criminal matter against him." Doc. No. 28 at ¶ 1. According to counsel, Mr. Khalilian's criminal trial has been continued until November 2008. *Id.* at ¶

2.  Counsel for the Defendants "offers no explanation for the Defendants' [sic] failure to appear for deposition," but "represents that he advised Khalilian that he was ordered to appear for his deposition, notwithstanding the pending criminal case."  *Id.*[2]  Defense counsel argues:

> Notwithstanding the above, the remedy sought [in the Motion] is too severe.  A more appropriate remedy would be additional monetary fines, or perhaps striking of pleadings.  If the Court deems that Defendant Khalilian's failure to appear approaches the level where he should be taken in custody, the undersigned requests that prior to that time, the Defendant be given an opportunity to appear in Orlando for his deposition, once he is aware that this is the intent of Court, that one more failure to appear will result in his arrest.  For example, the undersigned would respectfully request that any order of incarceration have a ten day window before Defendant Khalilian is taken into custody.

*Id*. at ¶ 3.

The undersigned finds that the Defendants' acts detailed above are in violation of this Court's Order of August 5, 2008.  Doc. No. 23.  Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), if a United States Magistrate finds that certain acts constitute civil contempt, "the magistrate shall forthwith certify the facts to a district judge . . ." who may issue an order to show cause upon any person whose behavior is brought into question under Section 636(e)(6)(B), and the district judge may hold an evidentiary hearing to determine whether that person should be adjudged in contempt by reason of the facts certified.  *Id*. Therefore, the undersigned certifies that the facts detailed above warrant an order to show cause for an evidentiary hearing to determine whether the Defendants should be held in civil contempt.

---

[2]Counsel for the Defendants also states that he "cannot make a good faith argument that the Defendant's complete non-appearance is excusable.  This situation may have created irreconcilable differences between attorney and client, and a Motion to Withdraw may be inevitable."  Doc. No. 28 at ¶ 2.

**CERTIFIED** in Orlando, Florida on September 22, 2008.

Copies furnished to:

Counsel of Record

Unrepresented Parties

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE