# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MELISSA LOOS,

               **Plaintiff,**

-vs-                               **Case No. 6:07-cv-1376-Orl-31GJK**

CLUB PARIS, LLC, and FRED KHALILIAN,

               **Defendants.**

_____

## REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT:

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO STRIKE PLEADINGS OF AND FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT FRED KHALILIAN** (Doc. No. 83) |
| **FILED:** | **April 13, 2009** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. It is further **RECOMMENDED** that Khalilian's Answer (Doc. No. 9) be stricken and the Clerk be directed to enter default against Khalilian.

      On September 27, 2007, Plaintiff Melissa Loos (the "Plaintiff") filed an amended complaint (the "Complaint") against Defendants Club Paris, LLC ("Club Paris") and Fred Khalilian (the "Defendant") for unpaid overtime compensation pursuant to the Fair Labor Standards Act (the "FLSA"). Doc. No. 8. On October 12, 2007, Club Paris and the Defendant filed their Answer to the Complaint. Doc. No. 9.[1]

_____

[1] On April 20, 2009, the Court entered an order striking the Answer as to Club Paris and directing the Clerk to enter default against Club Paris. Doc. No. 84.

On December 11, 2008, the Court granted counsel for Defendant's motion to withdraw. Doc. No. 70. Since that time, the Defendant has proceeded *pro se.*

The Case Management and Scheduling Order (the "CMO") required the parties to meet in person on or before April 3, 2009, to prepare the Joint Final Pretrial Statement. Doc. No. 17. On March 23, 2009, counsel for Plaintiff sent a letter via certified mail to Defendant reminding him of the obligation under the CMO. Doc. No. 83-2. According to Plaintiff, the Defendant contacted counsel for Plaintiff on April 2, 2009, and "indicated that he could not participate in the required meeting himself and lacked the financial resources to hire counsel to appear on his behalf." Doc. No. 83 at 5.

On April 13, 2009, Plaintiff filed the present Motion to Strike Pleadings Of And For Entry Of Default Judgment Against Defendant (the "Motion"). Doc. No. 83. Pursuant to Rule 16(f)(1)-(2), Federal Rules of Civil Procedure, Plaintiff argues that sanctions, specifically striking Defendant's Answer and directing the Clerk to enter default, are appropriate due to Defendant's "recalcitrance or inability to participate in the joint final pretrial statement meeting and his apparent inability to continue further with the defense of this action. . . ." Doc. No. 83 at 7 (citing *Farris v. United Hoist Equipment, Inc.*, 2008 WL 5381902 (M.D. Fla. Dec. 23, 2008) (*pro se* plaintiff's failure to appear at final pretrial conference warranted dismissal under Rule 16); *Glanzrock v. Patriot Roofing Industries, Inc.*, 2008 WL 3833950 (M.D. Fla. Aug. 15, 2008) (defendant's pleading stricken for failure to comply with scheduling order); *Varela v. Innovative Wiring Solutions*, LLC, Case No. 6:07-cv-165-Orl-28KRS, 2008 WL 2700053 (M.D. Fla. Jul. 9, 2008) (defendant's pleading stricken under Rule 16 for failure to participate in preparation of joint final pretrial statement); *Coley v. Resort Management Services, Inc.*, Case No.

6:06-cv-1185-Orl-31-KRS, 2008 WL 341428 (M.D. Fla. Feb. 5, 2008) (*pro se* plaintiff's failure to comply with case management order warranted dismissal under Rule 16).

On April 20, 2009, Defendant filed a response to the Motion (the "Response"). Doc. No. 86.[2] In the Response, the Defendant states that he cannot afford an attorney, but the Defendant does not address the merits of the Motion. Instead, the Defendant states the following:

> . . . I have contacted and reached out to plaintiff's Attorney . . . and spoken to him on Thursday 04/02/09 at 3:36PM, so he knows I would like to cooperate in any way I can to make sure I don't respect [the Court] or anyone else . . . since I have to represent myself . . . after speaking and explaining everything to [Plaintiff's counsel] he said he understand my situation and will call me within a day or two to come to some type agreement to save the courts (sic) time, but I am still waiting for his call back . . . and now I see that he is attempting a different tactic which I don't believe it's appropriate especially when he knows I am waiting for his call back as he instructed me to do so. I understand I don't fully know . . . how the law works but I do see that the plaintiff's Attorney . . . is trying to take advantage of my lack of knowledge and since I cannot afford professional defense.

Doc. No. 86 at 1. The parties have not filed a Joint Final Pretrial Statement. The Final Pretrial Conference is currently scheduled for May 12, 2009, and the trial term is set to begin June 1, 2009. Doc. No. 17.

The CMO specifically states that any unrepresented parties are required to meet with in person with opposing counsel or other unrepresented parties to prepare the Joint Final Pretrial Statement. Doc. No. 17 at III(A). The CMO further provides that failure to comply with its provisions concerning the Joint Final Pretrial Statement may result in sanctions, "including the striking of pleadings." Doc. No. 17 at III(B)(1).

---

[2]The Response is somewhat confusing because it begins "I am responding today 04/08/2009. . . ." The Motion was not filed until April 13, 2009.

Rule 16(f), Federal Rules of Civil Procedure, provides the following:

> **(f) Sanctions**.
> **(1) *In General***. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
> **(A)** fails to appear at a scheduling or other pretrial conference;
> **(B)** is substantially unprepared to participate--or does not participate in good faith--in the conference; or
> **(C)** fails to obey a scheduling or other pretrial order.

*Id*. Rule 37(b)(2)(A)(ii)-(vii), Federal Rules of Civil Procedure provides the following sanctions:

> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> **(iii)** striking pleadings in whole or in part;
> **(iv)** staying further proceedings until the order is obeyed;
> **(v)** dismissing the action or proceeding in whole or in part;
> **(vi)** rendering a default judgment against the disobedient party; or
> **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*Id*.

The Court has previously explained to Defendant that a *pro se* defendant "'is subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure.'" Doc. No. 73 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). The Court has also warned Defendant that if he "continues *pro se*, he must abide by the Local Rules for the Middle District of Florida, the Federal Rules of Civil Procedure, and the applicable substantive law." Doc. No. 73.

In *Varela v. Innovative Wiring Solutions*, *LLC*, Case No. 6:07-cv-165-Orl-28KRS, 2008 WL 2700053 at * 1-2 (M.D. Fla. Jul. 9, 2008), the Honorable John Antoon II, entered an order striking the *pro se* defendant's answer and directing the Clerk to enter default where the *pro se* defendant failed to participate and cooperate with scheduling mediation and the joint pretrial statement. *Id*. While the

Court in *Varela*, Case No. 6:07-cv-165-Orl-28KRS, 2008 WL 2700053 at *1-2 (M.D. Fla. Jul. 9, 2008), first issued an order to show cause to the *pro se* defendant prior to entering the order striking the pleading and entering default, the undersigned recommends that the Court enter an order striking Defendant's Answer and direct the Clerk to enter default. The trial term begins in less than a month. *See* Doc. No. 17. Without meaningful participation by the Defendant, the Plaintiff will be unable to adequately prepare for trial. Moreover, Defendant's apologies and excuses for not knowing the Local Rules and Federal Rules of Civil Procedure are not good cause for failing to abide by the CMO. *See Moon*, 863 F.2d at 837. Based on the forgoing, its RECOMMENDED that the Court:

1. GRANT the Motion (Doc. No. 83);

2. Strike Defendant's Answer (Doc. No. 9);

3. Direct the Clerk to enter default against the Defendant; and

4. Direct Plaintiff to move for default judgment within ten (10) days.

**The Clerk is directed to send a copy of this Report and Recommendation to Fred Khalilian and by Certified Mail.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Recommended** in Orlando, Florida on May 6, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge

Counsel of Record

**Unrepresented Parties by Certified Mail**