**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**MELISSA LOOS,**

                **Plaintiff,**

**-vs-**                                           **Case No. 6:07-cv-1376-Orl-31GJK**

**CLUB PARIS, LLC, and FRED
KHALILIAN,**

                **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT (Doc. No. 93)** |
| **FILED:** | **June 9, 2009** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**. | |

### I. BACKGROUND

On September 27, 2007, Melissa Loos (the "Plaintiff") filed an amended complaint (the "Complaint") against Defendants Club Paris, LLC ("Club Paris") and Fred Khalilian ("Khalilian") (collectively, the "Defendants") for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* (the "FLSA" or the "Act"). Doc. No. 8. On October 12, 2007, the

Defendants filed their Answer to the Complaint. Doc. No. 9. On April 20, 2009, after Club Paris failed to comply with the Courts directive that it retain substitute counsel, the Court entered an order striking the Answer as to Club Paris and directing the Clerk to enter default. Doc. Nos. 80, 84. On April 21, 2009, the Clerk entered default against Club Paris. Doc. No. 85. On May 26, 2009, after Khalilian failed to appear for the meeting in person to prepare the Joint Final Pretrial Statement, the Court entered an order striking the Answer as to Khalilian and directing the Clerk to enter default. Doc. Nos. 87, 90. On June 6, 2009, Plaintiff moved for entry of default final judgment, jointly and severally, against Club Paris and Khalilian (the "Motion"). Doc. No. 93. Pursuant to Local Rule 1.07(b), the Motion is timely. After being served with the Motion by certified mail, the Defendants failed to file any opposition. *See* Doc. No. 93 at 20. The Motion is before the undersigned for a report and recommendation.

## II. THE LAW

In *Schmidlin v. Apex Mortgage Services, LLC*, Case No. 8:07-cv-2149-T-30MSS, 2008 WL 976158 at *1 (M.D. Fla. April 9, 2008), the court held:

> By failing to answer the complaint, Defendant admits that it employed Plaintiff during the relevant time period. *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F. 3d 1267, 1278 (11th Cir. 2005) (stating "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact."). Defendant also admits that it was an employer and was required to comply with the FLSA. *See Id.* Additionally, Defendant admits that it failed to pay overtime compensation as required by the FLSA and that its conduct was willful. *See Id.* Accordingly, by failing to respond to the complaint, Defendant is liable to Plaintiff for the overtime compensation owed to Plaintiff for his work.

*Id*. A plaintiff may establish the necessary amount of damages by affidavit. *See* Rule 55(b), F.R.C.P. (2007). Additionally, an employer who willfully violates the provisions of the FLSA is

liable for an equal amount of liquidated damages as well as reasonable attorneys' fees and costs. 29 U.S.C. § 216(b) (2007).

## III. APPLICATION

### A. Wages

In her affidavit, Plaintiff states that she was employed by the Defendant from January 10, 2007 through March 6, 2007 (eight (8) weeks), as a general secretary. Doc. No. 93-2 at ¶¶ 3, 6. Pursuant to 29 U.S.C. § 207(a)(1), Plaintiff was entitled to be paid one and one-half times her regular rate of pay for all hours worked in excess of forty (40) hours during a work week.[1] Plaintiff states in her affidavit that she was paid a regular salary of $30,000.00 per year and was paid $4,615.38 for the eight (8) weeks of her employment. Doc. No. 93-2 at ¶¶ 7-8. Plaintiff states that her hourly compensation was $14.42 ($4,615.38 / 8 = $576.92 per week / 40 hours = $14.42 per hour). *Id*. at ¶ 8. Plaintiff states that for all hours worked in excess of 40 hours per week she was entitled to be compensated at time and a half or $21.63 per hour. *Id*. Plaintiff avers that she worked approximately 15 hours of overtime per week during her eight weeks of employment. *Id*. at ¶ 9. Plaintiff asserts that she is entitled to $2,595.60 ($21.63 x 15 hours x 8 weeks = $2,595.60) in unpaid overtime wages. *Id*. at ¶ 9. Pursuant to 29 U.S.C. § 216(b), the Defendants are also liable for liquidated damages which equals the same amount as the unpaid overtime compensation. *Schmidlin*,

---

[1] Section 207(a)(1) states:
> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce for a workweek longer than forty hours unless such employee receives compensations for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

2008 WL 976158 at *2. Thus, Plaintiff also calculates an additional $2,595.60 in liquidated damages, for a damage total of $5,191.20. Doc. No. 93 at 19.

B.    **Attorneys' Fees**

The Act mandates that in any action brought by an employee to enforce Sections 206 or 207 of the Act, the Court shall "in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In support of the Motion, counsel for Plaintiff filed affidavits attesting that the total attorneys' fees equal $16,868.50 ($8,031.00 Pantas plus $8,837.50 Hollifield = $16,868.50) and the total costs equal $1,235.50 ($595.00 Pantas plus $640.50 Hollifield = $1,235.50). *See* Doc. Nos. 93 at 19; 93-3 at 2-4; 93-4 at 2-3.[2] Plaintiff's counsel attaches time sheets (Doc. Nos. 93-3 at 6-12; 93-4 at 5) and cost ledgers (Doc. Nos. 93-3 at 14-17; 93-4 at 6) to his affidavit.[3]

1.    **Reasonable Hourly Rate**

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434. In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills,

---

[2] Plaintiff's former counsel, K.E. Pantas, states that he spent 1.40 hours of time on the case at a rate of $300.00 per hour, Scott Adams, Esq., spent 28.10 hours of time on the case at a rate of $250.00 per hour, Tomkio Henriques, a paralegal, spent 4.40 hours of time on the case at a rate of $65.00 per hour, Jon Rankin, a paralegal, spent 1.50 hours of time on the case at a rate of $105.00 per hour, and Becki Rodak spent 1.50 hours of work on the case at a rate of $95.00 per hour. Doc. No. 93-3 at 4. Plaintiff's current counsel, Travis R. Hollifield, states that he spent 22.25 hours of time on the case at a rate of $350.00 per hour. Doc. No. 93-4 at 3.

[3] The affidavits and time sheets itemize the time spent by each individual; whether the person was attorney, paralegal, or other legal professional; and hourly rate for each individual. Doc. Nos. 93-3; 93-4.

experience and reputation. *Gains v. Dougherty Co. Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985).

"The [fee] applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman v. Housing Authority of City of Montgomery*, 836 F. 2d 1292, 1299 (11th Cir. 1988). Counsel's affidavit alone is generally not a sufficient basis for determining whether the fees and costs incurred are reasonable.

> Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . **[S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits.** Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate.

*Norman*, 836 F. 2d at 1299 (emphasis added). However, the Court may use its own discretion and expertise to determine the appropriate hourly rate to apply for an attorney's fee award. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)**;** *Norman*, 836 F. 2d at 1303; *see also Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002); *Schmidlin*, 2008 WL 976158 at *3.

Plaintiff's former counsel, K.E. Pantas, seeks a rate of $300.00 per hour for his services. Doc. No. 18-3 at ¶ 4. Mr. Pantas states the following in support of the rate sought:

> I have been a continuous member of the Florida bar since 1993. I have practiced extensively in the area of employment law since 2000 and have over fourteen years of litigation experience. I am also admitted to the Pennsylvania Bar (inactive member since 1994) and the Illinois Bar (2002) and the Untied States Court of Appeals for the Eleventh Circuit. In the past year, I have been attorney of record in the following appeals filed with the United State Court of Appeals for the Eleventh Circuit: *Sanford-Orlando Kennel Club, Inc. [et. al.] v. Israel Alvarez*, Case No. 06-15931-H; and, *Otis A. Jones v. K.W. Max Investments*, Case No. 07-10652; and, *Jasmine Taylor v. EPOC Clinic and James F. Pendergraft*, Case No. 06-15004-A. I am familiar with the rates charged by attorneys with

> similar experience in Central Florida. A reasonable hourly fee for a lawyer with similar experience and expertise is $300.00 per hour. I have previously been awarded $300.00 per hour by this Court in similar type claims. (*Ochoa v. Alie Bros., Inc.*, 2007 WL 3334332 (M.D. Fla. 2007); and, *Mavis Coes v. World Wide Revival Inc., et. al.*, Case No. 6:05-cv-563-Orl-DAB).

Doc. No. 93-3 at 2 ¶ 4. After considering the Orlando market, the complexity of the work, Mr. Pantas's experience and fee awards in similar cases, the Court finds than an hourly rate of $300.00 for Mr. Pantas is reasonable and appropriate. Regarding Scott C. Adams, Esq., the undersigned has previously determined that a reasonable hourly rate for his services is $250.00 per hour. *See Craine v. Central Florida Neurology, P.A., et. al.*, 6:07-cv-1615-Orl-28GJK, Doc. Nos. 13, 14 (M.D. Fla. May 15, 2008). Accordingly, the Court finds than the requested rate for Mr. Adams is reasonable and appropriate. The Court also finds the hourly rates requested for the various paralegals to be commensurate with the Orlando market.

Plaintiff's current counsel, Travis R. Hollifield, seeks a rate of $350.00 per hour for his services. Doc. No. 93-4 at 2-3. Mr. Hollifield states the following in support of the rate sought:

> Affiant has practiced extensively in the area of employment law since 1996 and has nearly thirteen (13) years of federal court litigation experience. Affiant is familiar with the rates charged by attorneys with similar experience in Central Florida. A reasonable hourly fee for a lawyer with similar experience and expertise is $350.00 per hour. This is also the rate at which Hollifield Legal Centre has billed its hourly clients for Affiant's services since July 1, 2008.

Doc. No. 93-4 at 2 ¶ 6. Neither Mr. Hollifield's affidavit nor the Motion provide the Court with any other case within the Orlando Division of the Middle District of Florida where Mr. Hollifield has been awarded a reasonable hourly rate of $350.00 per hour. *See* Doc. Nos 93; 93-4 at 2-3. In the Motion, Plaintiff cites to one case, *Clever Covers, Inc. v. Southwest Florida Storm Defense*,

LLC, 554 F.Supp.2d 1303, 1314 (M.D. Fla. 2008), wherein Mr. Hollifield was awarded a reasonable hourly rate of $350.00 in a patent infringement case within the Orlando Division. *See* Doc. No. 93 at 13 n. 6. After considering the Orlando market, the complexity of the work, Mr. Hollifield's experience and the lack of any similar fee awards in FLSA cases, the Court finds than an hourly rate of $350.00 for Mr. Hollifield in this case is excessive. Accordingly, the undersigned recommends that the Court find a reasonable hourly rate for Mr. Hollifield in this case is $300.00 per hour.

### 2. **Reasonable Number of Hours**

Counsel submitted detailed time sheets showing the work performed by Mr. Pantas, Mr. Adams, Mr. Hollifield, and various paralegals in this case. Doc. Nos. 93-3 at 6-7; 93-4 at 5. After reviewing the time sheets, the undersigned finds that the amount of time spent on the case was reasonable. The total number of reasonable hours of work spent by Mr. Pantas in this case is 1.4 hours. *Id.* At a reasonable hourly rate of $300.00 per hour, the attorneys' fee award for Mr. Pantas is $420.00 (1.4 x $300.00 = $420.00). The total number of reasonable hours of work spent by Mr. Adams in this case is 28.10 hours. *Id.* At a reasonable hourly rate of $250.00 per hour, the attorneys' fee award for Mr. Adams is $7,025.00 (28.10 x $250.00 = $7,025.00). The total number of hours spent on the case by paralegal Tomiko Henriques in this case is 4.40 hours. *Id.* At a reasonable hourly rate of $65.00 per hour, the fee award for Ms. Henriques is $286.00 (4.4 x $65.00 = $286.00). The total number of hours spent on the case by paralegal Becki Rodak is 1.50 hours. At a reasonable hourly rate of $95.00 per hour, the fee award for Ms. Rodak is $142.50 (1.50 x $95.00 = $142.50). The total number of hours spent on the case by paralegal Jon Rankin is 1.50 hour. At a reasonable hourly rate of $105.00 per hour, the fee award for Mr. Rankin is

$157.50 (1.50 x $105.00). Accordingly, the total attorneys' fee award for Plaintiff's former counsel is $8,031.00 ($420.00 + $7,025.00 + $286.00 + $142.50 + $157.50 = $8,031.00).

The total number of hours spent on the case by Mr. Hollifield is 25.25 hours. *See* Doc. No. 93-4 at 5. At a reasonable hourly rate of $300.00 per hour, the attorneys' fee award for Mr. Hollifield is $7,575.00 (25.25 x $3000.00). Thus, the total attorneys' fee award for Plaintiff's current counsel is $7,575.00. The grand total attorneys' fee award is $15,606.00 ($8,031.00 + $7,575.00 = $15,606.00).

### C. Costs

Rule 54(d), Federal Rules of Civil Procedure, provides that costs other than attorneys' fees "should be allowed to the prevailing party" unless a federal statutes, the federal rules, or a court order provides otherwise. *Id.* In awarding costs, the Court is bound by the limitations set forth in 28 U.S.C. §§ 1821 and 1920 unless a statute or contract specifically authorizes taxation for such costs. Plaintiff seeks cost in the amount of $1,235.50 for the filing fee ($350.00), for the costs of service of process ($115.00), court reporter ($130.00), and for costs of transcription ($640.50). Doc. Nos. 93-3 at 4; 93-4 at 6. The Court finds the costs requested are reasonable and allowable.

**THEREON** it is **RECOMMENDED** that:

1. Plaintiff's Motion (Doc. No. 93) be **GRANTED in part**;
2. The Court enter judgment for Plaintiff and against the Defendants, jointly and severally, in the following amounts:
    a. $2,595.60 in unpaid overtime compensation;
    b. $2,595.60 in liquidated damages;
    c. $15,606.00 in reasonable attorneys' fees;

d. $1,235.50 in costs; and

3. The Court direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** at Orlando, Florida on September 24, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:
Presiding District Judge
Counsel of Record